STATE OF HAWAII, Plaintiff-Appellee, *v.* RUSSELL RYAN, Defendant-Appellant

NO. 6390

JUNE 3, 1980

RICHARDSON, C.J., OGATA, MENOR, JJ.,
RETIRED JUSTICES MARUMOTO AND KOBAYASHI
ASSIGNED BY REASON OF VACANCIES

*Per Curiam*. This is an appeal by the defendant who was convicted of the offense of escape in the second degree, under the provision of HRS § 710-1021 which provides that "[a] person commits the offense of escape in the second degree if he intentionally escapes from a correctional or detention facility or *from custody*." (Emphasis added) HRS § 710-1000(3) defines the term "custody" to mean "restraint by a public servant pursuant to arrest, detention, or order of a court."

The defendant was placed under arrest for careless and heedless driving. He was handcuffed and was being driven to the police station when the officer decided to stop to interview individuals who had witnessed the defendant's unlawful conduct. He was left unguarded in the car while the officer questioned the witnesses in a nearby store. Taking advantage of the officer's absence, the defendant slipped out of the car and walked away. He did not give himself up until several hours later.

The only question for our determination is, whether the defendant was then under "arrest" within the meaning of HRS § 710-1021 and HRS § 710-1000(3).

The defendant argues that the arrest for escape purposes must have been made in full compliance with HRS § 803-6 which provides in pertinent part:

[If the officer] makes the arrest without warrant in any of the cases in which it is authorized by law, he should give the party arrested clearly to understand for what cause he undertakes to make the arrest, *and shall require him to submit and be taken to the police station or judge*. This done, the arrest is complete. (Emphasis added)

The defendant takes the position that inasmuch as his arrest was not complete until he was taken to the police station, he could not be convicted of the crime of escape. We disagree. In support of his contention, the defendant relies on

*In Re Culver*, 73 Cal. Rptr. 393, 447 P.2d 633 (1968), which held that a defendant could not be convicted of escape based on his flight from police custody prior to booking at the police station. In *Culver*, a police officer, responding to a reported pool room fight, apprehended the defendant and placed him under arrest. The defendant thereafter struggled with the officer and fled before any charges could be filed against him. Upon the defendant's subsequent arrest, he was charged with and convicted of escape under a California statute which provided that "[e]very prisoner *charged with or convicted of a felony* . . . who escapes . . . from the custody of any officer . . . in whose lawful custody he is, is guilty of a felony. . . ." 447 P.2d at 634 (emphasis added). The California Supreme Court, relying upon the language and legislative history of the statute, concluded that the defendant did not become a prisoner within the meaning of the statute until he had been booked prior to incarceration.

HRS § 803-6, however, does not by its terms require that the defendant be booked or charged with a crime before he can be found guilty of escape. The phrase "and be taken to the police station" merely indicates the purpose for which the defendant is being required to submit to the custody and control of the arresting officer. And once the defendant has submitted to the control of the officer *and* the process of taking him to the police station or to a judge has commenced, his arrest is complete, and he is in "custody," for the purposes of the escape statute.

Affirmed.

*Chris Peterson*, Deputy Public Defender for defendant-appellant.

*Joseph E. Cardoza*, Deputy Prosecuting Attorney for plaintiff-appellee.